**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-56-JBC

IN RE: THE MATTER OF HUGH N. EVANS

**MEMORANDUM OPINION AND ORDER**

On February 15, 2005, the *pro se* plaintiff, Hugh N. Evans, filed three documents: (1) a "Certificate of Inmate Account" dated January 20, 2005, which contains no financial information but which appears to have been signed by an employee of the Franklin County Regional Jail ("FCRJ"), where the plaintiff was confined when he filed this proceeding; (2) a computer-generated "Account Activity Ledger," containing the plaintiff's inmate account transactions at the FCRJ between October 7, 2004, and January 20, 2005; and (3) a one-page, handwritten letter stating his intent to file a complaint under 42 U.S.C. § 1983 [Record No. 1].[1]

On February 16, 2005, the court entered a deficiency order [Record No. 2] in which it instructed the plaintiff to: (1) submit a properly completed and signed complaint form [Form 123], (2) provide the court with evidence that he exhausted his administrative remedies; and (3) provide the court with an affidavit of assets/*in forma*

---

[1] On the docket sheet, the Clerk of the court identified this entire submission [Record No. 1] as a "Motion for Leave to Proceed in Forma Pauperis," although the court notes that the plaintiff did not actually file a "motion" of any type.

*pauperis* application [Form 122].  The Clerk of the court supplied the plaintiff with the requisite forms.

On March 3, 2005, the United States Postal Service returned to the Clerk of the court the copy of the deficiency order which the Clerk had mailed to the plaintiff on February 16, 2005, at his given address, the FCRJ [Record No. 5].[2]  The Postal Service stamped "RETURN TO SENDER NO LONGER AT THIS ADDRESS" on the returned envelope.

This matter is now before the court for consideration.  The plaintiff has not filed a response to the deficiency order or filed any other type of pleading evidencing his intention to proceed with this matter.  It appears from the Postal Service's return of the deficiency order that as of February 28, 2005, the plaintiff ceased to be confined at the FCRJ; however, he failed to provide the court with a new or updated address upon his release.  As a district court is unable to divine any plaintiff's address after release from custody, it was incumbent on the instant plaintiff to ensure that the court had his current address subsequent to his release.

The court determines that this proceeding should be dismissed for want of prosecution, without prejudice, as the plaintiff has:  (1) failed to file a response to deficiency order [Record No. 2], and (2) failed to keep the court advised of his current address after being released from the FCRJ, which failure prevented him from receiving

---

[2] The docket actually reflects that on two dates, March 1, 2005 [Record No. 4], and March 3, 2005 [Record No. 5], the Clerk noted the return of the deficiency order which had been addressed to the plaintiff.

2

his copy of the deficiency order.  *See White v. City of Grand Rapids*, 34 Fed. Appx. 210, 2002 WL 926998, **1 (6th Cir. (Mich.) May 7, 2002) (district court properly dismissed *pro se* complaint for want of prosecution because plaintiff failed to keep the court informed of his current address).

The lenient treatment generally accorded *pro se* litigants has limits.  *Pilgrim v. Littlefield* 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).  The court determines that the plaintiff bears some responsibility in pursuing his claims in a timely fashion and in keeping the court informed of his current address, but that he has not diligently done so.

## CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that this action is **DISMISSED**, without prejudice.  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Signed on September 22, 2005



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3